


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN GREGORY JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | CASE NO. C01-1277Z<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

Plaintiff, proceeding pro se and in forma pauperis, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The Court, having reviewed the complaint and record, does hereby find and ORDER that the complaint is defective for the following reasons:

(1) Plaintiff has improperly answered the first question on the court's complaint form, regarding other lawsuits filed in federal court while a prisoner. While plaintiff states that he has filed none, the clerk's records indicate that he has filed two previous lawsuits in this court, designated as C00-1919Z and C01-563P. Both were dismissed when plaintiff failed to correct deficiencies in the in forma pauperis applications. Nevertheless, plaintiff's statement that he has filed no previous lawsuits is incorrect.

(2) As to the complaint itself, in order to state a cause of action under 42 U.S.C. § 1983, a

ORDER DECLINING TO SERVE
COMPLAINT - 1



1    plaintiff must allege that (a) the defendant acted under color of state law, and (b) the defendant's conduct
2    deprived plaintiff of a constitutional right. Balistreri v. Pacifica Police Department, 901 F. 2d 696, 699
3    (9th Cir. 1988). In addition, the plaintiff must allege facts showing how each named defendant caused or
4    personally participated in causing the harm alleged. Arnold v. IBM, 637 F. 2d 1350, 1355 (9th Cir.
5    1981). A suit brought pursuant to § 1983 cannot be based on vicarious liability alone, but must allege
6    that each defendant's own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S.
7    378, 385-90 (1989). A plaintiff may not hold supervisory personnel liable under 42 U.S.C. § 1983 for
8    constitutional deprivations under a theory of respondeat superior. Taylor v. List, 880 F. 2d 1040, 1045
9    (9th Cir. 1989). As to police departments, counties, and other agencies or state or local government, a
10   governmental unit or municipality can be sued as a "person" under § 1983 only where the complaint
11   alleges that "action pursuant to official municipal policy of some nation cause[d] a constitutional tort."
12   Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). The governmental entity "may not
13   be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat
14   superior." Id. at 694.

15       (3) Pursuant to the statutes governing in forma pauperis proceedings, the court shall screen civil
16   rights complaints and shall dismiss a complaint or any claims therein, which is frivolous, which fails to
17   state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is
18   immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. As set forth below, most of
19   plaintiff's complaint falls within this mandate.

20       (4) In his sixty-six page complaint, plaintiff alleges a broad range of constitutional violations,
21   together with state law claims such as unlawful imprisonment, false arrest, official misconduct, and
22   prosecutorial vindictiveness. The named defendants are the State of Washington; the Washington
23   Supreme Court; King County Prosecutor Norm Maleng; Governor Gary Locke; King County Superior
24   Court; Superior Court Judges Donald Haley, Brian Gain, Michael Spearman, Ronald Kessler, Jeffrey
25   Ramsdell, Suzanne Barnett, and Helen Halpert; Deputy Prosecuting Attorney Catherine McDowell; King
26   County Adult Correctional Facility; Corrections Officers Boehme, Folk, Bonilla, Hutt, Brinson,
27   Nazzario, Lafala, and Green; City of Seattle Police Department; City of Des Moines Police Department;
28

ORDER DECLINING TO SERVE
COMPLAINT - 2

1  City of SeaTac Police Department; Deputy Sheriffs Mike Gillis and "Tansley"; Seattle Police Chief
2  Kerlikowski; Officers Thomas, Jokela, Marlowe, Creamer, McGinnis, Toner, Pit, Diaz, Krueger,
3  Wilkeson, Settle and Kramer of the Seattle Police Department; three "unknown" officers of the Des
4  Moines Police Department; Officers Pavovich, Starett, Myers, Parks, and Fry of the SeaTac Police
5  Department; and "any other John or Jane Doe who may be responsible for the rights violations contained
6  herein." The claims arise from plaintiff's arrest and incarceration on various occasions,

7      (5) The State of Washington is not a "person" within the meaning of § 1983, and furthermore is
8  immune from this suit under the Eleventh Amendment. Nor is either the Washington Supreme Court or
9  King County Superior Court a "person" amenable to suit. Defendants Governor Gary Locke, Norm
10 Maleng, and Chief of Police Kerlikowski have all been named under a theory of respondeat superior,
11 which does not extend to suits under § 1983. The named police departments are not entities which may
12 be sued under § 1983; if the complaint is construed as naming the cities themselves, it fails to make the
13 requisite allegations under Monell. See, Meritt v. County of Los Angeles, 875 F. 2d 765, 770 (9th Cir.
14 1989). The judges and prosecutor are absolutely immune from liability for damages under § 1983.
15 Although this immunity does not extend to requests for injunctive or declaratory relief, plaintiff's
16 requests of that nature are vague and not properly addressed to these defendants.[1]

17     (6) To the extent that plaintiff requests monetary damages for his arrest or incarceration, his
18 claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), in which the United States Supreme
19 Court stated that

> in order to recover damages for allegedly unconstitutional convictions or imprisonment,
> or for other harm caused by actions whose unlawfulness would render a conviction or
> sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared invalid by a state
> tribunal authorized to make such determination, or called into question by a federal
> court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship

---

[1] In addition to monetary damages, plaintiff asks the court to "order State of Washington to revise statutes and procedures and Rules of Court to conform to federal mandates"; to "order State of Washington to review all criminal cases for aforementioned violations"; to "issue an order that requires the termination, impeachment proceeding or re-training of all defendants in constitutional law, racial diversity, passive resistance and the rule of federal procedures"; to "order all criminal records of plaintiff seal[ed], destroyed and/or poisoned and in any event bar[red] from any future use . . ."; and to grant other similar relief. Complaint at p. 4, 62-65.

ORDER DECLINING TO SERVE
COMPLAINT - 3

> to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under §1983.
>
> .... We do not engraft an exhaustion requirement upon §1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. That makes it unnecessary for us to address the statute of limitations issue wrestled with by the court of appeals.

<u>Heck,</u> 512 U.S. at 486-87. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must determine whether a judgment in the plaintiff's favor would necessarily imply that his conviction was invalid. If so, the complaint must be dismissed unless the plaintiff can demonstrate that the sentence has already been invalidated as described above. <u>Id</u>. Plaintiff has not so demonstrated. Therefore, under <u>Heck</u>, his §1983 cause of action has not yet accrued.

(7) Plaintiff's claims against individual corrections officers, arising from conditions of confinement, may be cognizable in a § 1983 suit, but only after such administrative remedies as are available have been exhausted. 42 U.S.C. § 1997e. Although plaintiff asserts that he did complete the grievance process on all his claims, his statement that "there was no written response" to any of his grievances contradicts his assertion. His statement is insufficient to fulfill the requirement of § 1997e with respect to his claims regarding conditions of confinement at the King County Adult Correctional Facility.

(8) Accordingly, the Court declines to order that the complaint be served on defendants. Plaintiff may file an amended complaint conforming to the requirements of Fed. R. Civ. Proc. 8(a). It shall set forth in clear and concise fashion the defendants to be sued, and the specific claims against each individual defendant. The court shall summarily dismiss any defendant who is immune from suit, or otherwise not liable under the principles set forth above, together with any claims that fall under § 1915(e), § 1915A, or 42 U.S.C. § 1997e. The amended complaint must be filed within thirty (30) days of the date of this Order, and must contain the same case number as this one. Sufficient copies must be provided for service on each of the named defendants. Should an amended complaint not be timely filed, or should it not conform to the requirements set forth here, the action will be dismissed.

ORDER DECLINING TO SERVE
COMPLAINT - 4

(9) The Clerk is directed to send plaintiff a copy of this Order and the appropriate §1983 forms so that he may file an amended complaint.

DATED this 17 day of September 2001.

RICARDO S. MARTINEZ
United States Magistrate Judge

ORDER DECLINING TO SERVE
COMPLAINT - 5