

OCT 22 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY



CV 01-01277 #00000009



CC: TO JUDGE _____

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

_Kevin Gregory Johnson_
**(Name of Plaintiff)**

vs.

_King County Adult Corrections_
_State of Washington Superior Court_
_City of Seattle Police Department_
_City of Sea-Tac Police Department_
**(Names of Defendants)**
Judges, Michael Spearman, Ronald Kessler, Jeffrey Ramsdell, Helen Halic
Donald Haley,

C01-1277-Z

1ST AMENDED

**CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U S C. § 1983**

( Plus Attachment )
( Jury Demand )

**I  Previous Lawsuits:** King County Prosecutor Norm Maleng ; Deputies - Catherine McDaniel

Amended: **A.  Have you brought any other lawsuits in any federal court in the United States while a prisoner:**

☑ **Yes**   ☐ **No** , where previously, Plaintiff believed since he was not granted Individual Pauperis, there was no complaint filed without money.

**B.  If your answer to A is yes, how many?:** __2__   **Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)** Civil Rights Complaint for Violation by Superior Court Judges to provide Equal Protection.

1.  Parties to this previous lawsuit:

**Plaintiff** _Kevin Gregory Johnson_

**Defendants** _Superior Court of Washington, Brian D. Gain,_
_Michael Spearman, Ronald Kessler, Jeffrey Ramsdell_
_Superior Court Judges, State of Washington, Norm Maleng,_
_King County Prosecutor_

1

2. Court (give name of District)

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTO

3  Docket Number  CO-0-1919Z AND CO1-563P

4  Name of judge to whom case was assigned  NO JUDGE ASSIGNED

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?) PAY the FILING FEE OR GET LEAVING OF FEE DUE I WAS NOT ABLE TO TO FACT THAT DEFENDANT KC JAIL REFUSED TO GIVE CERTIFIED COPIES IN A TIMELY FASHION, COUNT DISMISSED FOR LACK OF MONEY

6. Approximate date of filing lawsuit  NOVEMBER 2000

7. Approximate date of disposition  July, 2001

## II. Place of Present Confinement. King County Adult Correctional Facility

A.  Is there a prisoner grievance procedure available at this institution?   ☑ Yes     ☐ No

B   Have you filed any grievances concerning the facts relating to this complaint?

☑ Yes     ☐ No

If your answer is NO, explain why not _____

_____

C.  Is the grievance process completed?   ☑ Yes     ☐ No

**If your answer is YES, ATTACH A COPY OF THE FINAL GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**

## III. Parties to this Complaint

A.  Name of Plaintiff: Kevin G. Johnson _____ Inmate No: 2011 27 442

Address: 500 FIFTH Ave. N8LB    Seattle WA 98104

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B   Defendant  Donald Haley _____ ; official position Superior Ct Judge; place of employment King County Courthouse

2

C  Additional defendants _Adult & Juvenile Facility of King County,
Superior Court in Washington for King County, VKing
County Prosecutor Catherine McDowell, Norm
Maleng, City of Seatle % Mayor Paul Schell City of
Seatle Police Dep't, Donald Haley, Sea-Tac Police Dep't,
City of Sea-Tac, Des Moines Police Dep't, City of Des Moines,
Seattle Police Dep't, And those listed on the original 66_

IV.  **Statement of Claim** _Page complaint and the 1st Amended Complaint
Attached Herewith:_

(State here as briefly as possible the _facts_ of your case  Describe how each defendant is involved,
including dates, places, and other persons involved.  Do not give any legal arguments or cite any
cases or statutes  If you allege a number of related claims, number and set forth each claim in a
separate paragraph. Attach additional sheets if necessary )

See Attachment called Civil Rights
Complaint of Prisoner\ Multiple Claims and
Abuse of Process. 1st Amended Complaint &
Original Complaint

## V. **Relief**

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

SEE, ATTACHED  COMPLAINT

I declare under penalty of perjury that the foregoing is true and correct

Signed this _13¼_ day of _OCTOBER_ _19 2001_

(Signature of Plaintiff)

4

FILED
LODGED
RECEIVED

MAIL

**OCT 22 2001**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN J. JOHNSON,<br>PLAINTIFF, | CAUSE No. C01-1277-Z<br>MAGISTRATE JUDGE RICARDO MARTINEZ |
| | 1ST AMENDED COMPLAINT |
| Vs. | CIVIL RIGHTS |
| | COMPLAINT By A PRISONER |
| KING COUNTY ADULT | UNDER 42 U.S.C. §1983 |
| AND JUVENILE DETENTION | ABUSE OF PROCESS / EXCESS- |
| CENTER AND FACILITY, et | IVE FORCE / UNLAWFUL IM- |
| al., | PRISONMENT / FALSE ARREST / |
| DEFENDANTS, | VIOLATION OF FOURTH |
| | AMENDMENT; FIFTH AMEND- |
| | MENT; SIXTH AMENDMENT; |
| | NINTH AMENDMENT AND |
| | FOURTEENTH AMENDMENT |
| | OF THE CONSTITUTION FOR |

(1)

the United States
of America as well as
Its Articles III & VI /
OFFICIAL MISCONDUCT /
Violation of Race & Hate
Crimes Act / Prosecutorial
Vindictiveness / Retaliation
By State Policy Against
Citizen for exercising
Constitutional Rights /
Infliction of Cruel &
Unusual Punishment
in Violation of Eighth
Amendment / Infliction
of Excessive Bail In
Violation of Eighth
Amendment of the
U.S. Constitution /
Totality of Con-
ditions In Violation
of Rights of Pretrial
Detainee / Damages

(2)

COMES NOW Plaintiff, Kevin G. Johnson, by and through Himself as the undersigned Counsel, and gives the 1ST Amends to the Complaint No. CO1-1277-Z As Follows:

1a. Plaintiff Re-alleges Paragraphs 1 through 97 of the Original Complaint and Incorporates them by Reference as though fully Rewritten Herein Except to do so would be Redundant.

2a. Plaintiff's Previous filings were not Acknowledged by this Court until now, And there was no way For Plaintiff to have Known that the case had in fact been filed without $150.00 Fee or In Forma Pauperis being Granted and now Connects Section I, A. & B. of the Original Preformed Civil Rights Complaint By A Prisoner under 42 USC. 31983 filed by plaintiff and Assigned Cause No. CO1-1277 Z.

3a. Plaintiff is a Member of a Protected class of People - Ex-Slaves, And as such is Entitled to the Benefits of the Treaty Known as the Emancipation Proclamation

of 1863. As such the Constitution for the United States of America at Article III, §2 provides that "The judicial power SHALL EXTEND TO ALL CASES, IN LAW... ARISING UNDER THIS Constitution,... AND treaties MADE,... under their Authority... between A state... AND citizens or subjects. IN ALL CASES AFFECTING... public ministers... AND those IN WHICH A STATE SHALL BE PARTY, the Supreme court shall have original jurisdiction." Thus, this Court HAS jurisdiction.

4a. DEFENDANT STATE of WASHINGTON is proper subject AS AN ENTITY, WHICH by its legislative, Judicial AND EXECUTIVE policy, REFUSES TO ASSENT TO the Emancipation Proclamation of 1863 NOR the Civil Rights Act of 1866 NOR THE Fourteenth AMENDMENT of the Constitution of the United States of America (hereINAFTER C.U.S.A.) AND EVERY PERSON OF EX-SLAVE ANCESTERY IS DENIED EQUAL PROTECTION OF THE LAWS WITHIN the State of WASHINGTON AS A MATTER OF COURSE. Thereby MAKING THE STATE OF WASHINGTON IN REBELLION AGAINST THE United States of America.

5a. The EXECUTIVE BRANCH OF GOVERNMENT

(4)

HAS AN OFFICER elected by the People
of the State of WASHINGTON TO MANAGE,
OFFICIATE, OVERSEE AND require the VARIOUS
PRINCIPAL officers TO PUT IN writing all
REPORTS, PROCEDURES AND policies WHICH
GOVERN ALL BRANCHES OF GOVERNMENT. HE
HAS POWER TO GRANT REPRIEVES AND PARDONS
FOR OFFENSES AGAINST THE STATE OF WASHINGTON
EXCEPT IN CASES OF IMPEACHMENT, HE HAS
POWER, by AND WITH the ADVICE AND CONSENT OF
the legislature AND TO ACT ALONE TO DETERMINE
ALL STATE policy. He SHALL TAKE CARE AND BE
RESPONSIBLE FOR ASSURING AND INSURING THAT
the LAWS BE FAITHFULLY EXECUTED. Thus, the
GOVERNOR GARY Locke is properly A defen-
DANT WHERE He FAILS TO CARRY OUT AND ASSURE
TO the laws OF the United States of AMERICA, the
C.U.S.A NOR ASSURE ASSENT BY THE MEM-
BERS OF GOVERNMENT WHEREIN He HOLDS THE
SEAT OF FINAL AUTHORITY TO COMPEL COMPLIANCE,
AND MOREOVER, the STATE OF WASHINGTON is
NOT A proper place TO TRY itself WHERE EACH
BRANCH is EQUALLY AS CULPABLE AS its HEAD.
EXECUTIVE OFFICE, IMPEACHMENT would be IM-

(3)

possible, NEITHER would it grant remedy AS IS SOUGHT IN THIS FORUM.

6a. DEFENDANT Superior Court of WASHINGTON HAS implemented policy AND Rules of Procedure that conforms to State STATUTES which are Contrary TO THE C.U.SA. AND the laws of the United State. AND the treaties, WHICH IS THE "supreme law of the land". Thus, when, AS in the State of WASHINGTON, " JUDGE [B] REFUSED TO GIVE REQUESTED INSTRUCTIONS, the Supreme Court reversed AND [more important] Held that State STATUTES DID NOT TAKE preced-ENT OVER CONSTITUTIONAL LAW ..." See JAMES V. KENTUCKY, 466 US 341, 80 LEd 2d 346, 104 SCE 1830 (1984). COURTS ARE Typically Allowing, through ESTABLISHED JUDICIAL policy, County AND City Prosecutors TO dismiss AND PICK-UP charges simply TO USE AS A TOOL TO coerce CITIZENS INTO ENTERING PLEA Agreements WHOSE end result is to Deprive CITIZENS WITHOUT DUE Process of LAW AS found IN Article III of C.U.S.A, WHICH states, IN relevant part, that "the trial

OF ALL CRIMES [INCLUDING THOSE COMMITTED by GOVERNMENT]... SHALL BE BY JURY; AND SUCH TRIAL SHALL BE HELD IN THE STATE WHERE the SAID CRIME SHALL HAVE BEEN COMMITTED; [U.S. DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON IS MOST ASSUREDLY IN THE STATE WHEREIN THE CRIMES ALLEGED AND CONTAINED HEREIN WERE COMMITTED, AND NO MATTER IS NOT RIGHTLY HEARD BEFORE THE CITIZENS AS IS PRESCRIBED by ARTICE III, C.U.S.A.]" AND it is well ESTABLISHED that the "Supremacy clause ESTABLISHES Federal LAW AS the supreme LAW of the LAND", See, US V. ALASKA Public Utilities Comm., 23 F. 3d 257 (9th Cir 1994) AND WHERE states relies oN FEDERAL clause, ELEVENTH AMENDMENT, C.U.S.A. to implement policy AGAINST the laws of the UNITED States of AMERICA, AS A SHIELD it IS AN ABUSE OF SUCH OUTRAGEOUS CONDUCT THAT THE FEDERAL GOVERNMENT would be WRONG TO DENY promotion TO CITIZENS solely on the BASIS of that CLAUSE, WHICH IS NOT INTENDED TO GIVE STATE AUTOMATIC IMMUNITY FROM SUITS BY

citizens. In fact, "Under the supremacy clause, a state may not immunize its officials [including judicial officers] from the requirements of federal law [and Constitutions mandate at Article VI]", see LSO LTD. v Stroh, 205 F.3d 1146 (9ᵗʰ Cir. 2000)

7a. Defendants, as named in the original complaint and this amended version, all acted under the color of law, as follows:

'3. Defendant Brian D. Gain, acting under the color of law, refused to assent to laws of the United States of America and its treaties when plaintiff petitioned him directly for Habeas Corpus Petition. He has refused to hear or assign petition and notice of hearing. His failure to perform his duty as imposed by law, resulted in plaintiff's continued deprivation of liberty, without due process of law, in violation of RCW 9A.80.010, the Constitution of the United States of America at Article III through VI and Amendments 4, 5, 6 and 14, at the clauses that impose the duty upon "Judges in every state shall be bound thereby, any thing in the

(8)

CONSTITUTION OR LAWS OF ANY STATE TO THE
CONTRARY NOTWITHSTANDING,"; See, Article VI,
C.U.S.A WITH SUCH A DUTY IMPOSED BY NATIONAL
CONSTITUTION they MUST BE OBEY OR ASSENTED
to OR INDIVIDUAL fAILS AT LAW AND MUST
Be HELD LIABLE, otherwise, "We the People"
will have NO ABSOLUTE ABILITY TO BE governed
by our CONSENT. When BRYAN D. GAIN,
ACTING UNDER the AUTHORITY of LAW AS
Presiding Chief JUDGE of the Superior
COURT of WASHINGTON For KING COUNTY
REFUSED TO RESPOND, GRANT OR DENY,
MOTIONS of plaintiff he willfully AND
WANTONLY, WITH RECKLESS DISREGARD FOR
the dAmages INFLICTED UPON plaintiff,
AND TO perfORM THE judiciAL DUTIES
iMPOSED by LAW ERGO, his CRIME WAS COM-
MITTED UNDER THE color of LAW AND violated
plAintiff's RIGHTS UNDER the CONSTITUTION
For the UNITED States of AMERICA, AND the
EMPHASIS FOR CITIZENS IS ON UNITED.
4. ON OR ABOUT July 25, 2000, AT Seattle,
WASHINGTON, U.S.A THE Superior COURT of
WASHINGTON For KING COUNTY JUDGE RON

REFUSED TO GRANT PLAINTIFF'S MOTIONS FOR DISMIS-
SAL AND ATTORNEY FEES AND EXPENSES AND LOST
WAGES, AMOUNTING TO $125,000.00, though
PLAINTIFF HAD SOUGHT $10,000.00, He DID
HOWEVER GRANT MOTION OF STATE OF WASHINGTON
FOR DISMISSAL WITH PREJUDICE, thereby
COMPELLING PLAINTIFF TO SEEK FURTHER litigation
to RECOVER FOR LOSSES SUFFERED AS A Result
OF DEFENDANTS KING County PROSECUTOR, City
OF SEATTLE Police DEPARTMENT, SEATTLE police
officers PIT, TOWER AND DIAZ' UNLAWFUL
ARREST, STRIP SEARCH, seizure, IMPRISON-
MENT AND PROSECUTION AND CONFISCATION
OF PROPERTY OF PLAINTIFF; to wit $300.00
U.S. CURRENCY, $300.00 EYE glasses AND
Other MISCELLANEOUS property INCLUDING
CLOTHING AND LEGAL MATERIALS.
    5. DEFENDANTS RON Kessler, JEFFREY
RAMSDELL AND MICHEAL SPEARMAN AND BRIAN
GAIN REFUSED TO PROVIDE "EQUAL PRO-
TECTION OF LAWS" FOR PLAINTIFF BECAUSE
The State OF WASHINGTON HAS A JUDICIAL
POLICY that CITIZENS WHO REPRESENT

themselves will NOT be granted any
recovery where they succeed in showing
the State's cause was frivolous. All the
Defendants refuses to provide orders which
would require Defendant STATE OF WASHINGTON
to pay plaintiff under RCW 4.84 Prevailing
Party Statutes, et seq.
    & When this Defendants aforementioned
refused to assent to the laws of the United
States of America they deprived plaintiff
of property AND liberty AND redress of
grievances without Authority, AND thereby
are NOT protected under any absolute
judicial immunity. Also, "WE the People"
have NOT given such Authority to Public
servants, or else it would lead to
the kinds of abuses AND violations of
the LAW AS OUTLINED IN THIS CURRENT
LAWSUIT AND "We the People" could never
control the government without having
the ability to hold members of govern-
ment liable. AND that means the
GOVERNMENT CAN NOT SUMMARILY EXONERATE

(11)

itself of wrongs and misconduct and
violations of law under the gurse that
"We the People" do not have authority to
discipline our 'employees' for wrong acts!
7a. Plaintiff continues to assert that
he is unable to require Government
Defendants King County Adult Facility
and Superior Court of Washington and
City of Seattle Police department, City
of Sea-Tac Police Dep't, City of Des Moines
Police Dep't and King County Prosecutor
to turn over the Necessary Records with-
out an Order from this Court compelling
them to do so. Even then, Defendants
can not be compelled to obey Federal
Orders as they will argue that the
Constitution protects States from U.S.
District Courts having authority over them.
Moreover, and even though they are wrong,
it appear Federal Courts are subordinate
to State Courts.
    8a. Any argument that suggest that
"Most of Plaintiff's complaint falls within..."
one which"... fails to state Action upon which

relief can be granted, or which seeks
monetary relief from a defendant who
is immune from such relief." can only
be made by this Court acting contrary
to:

①  Noll v Carson, 809 F.2d 1446 (9th Cir.
1987) "Pro se litigant [in prison] bringing
civil rights suit in forma pauperis is entitled
to five procedural PROTECTIONS:
  > Process issued and served [emphasis Here,
Let defendants make their own 12(b)(6) Motions after
being served]

  2) Notice of any motion thereafter
made by defendant or the Court to dis-
miss the complaint and the grounds there-
for.

  3) An opportunity [meaningful, having
access to public record unfettered by the de-
fendants' control over what I have access to]
to at least submit a written memorandum
[derived from having access to an adequate
law library or a prison system that does not
segregate pro se litigants with "lock down" or
"rack back", all of which Defendants + their prior

OF ANY MEANingful opportunity to be Heard
on claims of Constitutional RIGHTS VIO-
Lations AGAINST ANY Body - thus Plaintiff's
MOTION TO Extend TIME for re-Filing
Consistant with when plaintiff is finally
released from custody of Defendant King
County Adult and Juvenile Detention Center
And Correctional Facility, which is sceduled
For October 24, 2001 OR AFTER HABEAS
WRIT IS granted, time UNKNOWN since
I have NOT Heard From MAGISTRATE Judge
WeinBerg In the matter under C-1333-C
since September, 2001 ] in opposition to
such Motion.

4) IN THE event [That you refuse this
Request For time to Amend And Issue AN]
Order of dismissal, A STATEMENT of the
grounds therefor.

5) AN opportunity to Amend the
COMPLAINT TO Overcome the deficiency
[which certainly would mean A FAIR op-]
portunity, which I CAN NOT get From
KING County Jail For they have NO other
Means to Access records, saving the Jail's

MAIL SYSTEM that CAN NOT Be TRACED
ON TRACKED by PLAINTIFF AND thus
WHEN PLAINTIFF'S MAIL IS LOST ON MIS-
placed I have NO opportunity TO KNOW
UNTIL AFTER THE TIME DEADLINE SET By
ANY COURT!]
    ② Newell V. SAUSER, 64 F.3d 1416
(9th Cir. 1995); US V SANCHEZ, 88 F 3d 1243
(D.C. Cir. 1996) "Courts will go to PARTICULAR
PAINS TO PROTECT Pro se litigants [IN JAIL]
AGAINST consequences OF [NOT Being Able TO
ACCESS ADequate LAW Books, RECORDS AND Court
files] tECHNICAL ERRORS IF INJUSTICE
would othen WISE RESULT [I HAVE ALREAdy
SERVED THE FULL LENGTH OF TIME IMPRISONED
AS OF OCTOBER 24, 2001, though I CAN NOT
OFFER EVIDENCE WITHOUT ACCESS TO Court
RECORDS AND CASELAW]".
    ③ MATHIS V NEW YORK LIFE INS. Co. 133
F.3d 546 (7th Cir. 1998) "EVEN Pro se
litigants MUST expect to file legal Argu-
MENT AND some supporting Authority."
    ④ RAND V. ROWLANDS, 154 F.3d 952 (9th Cir.

1998) " Pro se litigants [even if they are
in jail and their jailers are the defendants
in the Action] must be ensured meaning-
ful Access to the courts." I have sought
since April of 2000, to have access to the
Courts and have been placed in isolation,
Segregation and RACKBACK, all of which
Denies any services to persons so charged.
Ergo, I can not cure the Deficiencies
Listed without Being Free From my
Cursis in Law Library [Less] Jail; no access
to Courts in a timely Fashion [any CO
can leave correspondence at their work
station and no other CO will move it
or Be responsible for Delivering such
mail from the Floor to mail center. And
Finally, Plaintiff asserts that controlling
caselaw can be found in all of the above,
but more specifically in ⑤ Haines v. Kerner,
404 US 519, 30 LEd 2d 652, 92 SCt 594 (1972)
" Pro se litigant pleadings are to be construed
Liberally and held to Less Stringent Stan-
dard than Formal Pleadings Drafted By

(16)

LAWYERS; if court can reasonably read
pleadings to state valid claim on which
litigant could prevail, it should do
so despite failure to cite proper legal
authority, confusion of legal theories,
poor syntax and sentence construction,
or litigant's unfamiliarity with pleading
requirements [which states a claim upon which
relief can be granted]." And " US v.
Alaska Public Utilitie Comm., 23 F.2d
257 (9th Cir, 1994) "Supremacy clause estab-
lishes Federal Law as supreme Law of
the Land." REA v. MATTEUCCI, 121
F 3d 483 (9th Cir, 1997) "There is
federal interest in protecting individual
citizen from state action that is wholly
arbitrary or irrational"

          Wherefore, Plaintiff prays that
     this Honorable Court grant:
          ① Process and service upon Defendants.
          ② Opportunity to Plaintiff to have access
     to necessary records, files and caselaw
          ③ An Order compelling production of

(17)

RECORDS DIRECTED AT THE STATE OF
WASHINGTON AND ALL ITS DEPARTMENTS,
including the Clerk of the County and the
Superior Court of the State of WASHINGTON.
(4) IN THE ALTERNATIVE, AN ORDER
WHICH EXTENDS THE TIME FOR PLAINTIFF
TO AMEND COMPLAINT WHICH GRANTS THIRTY
(30) DAYS FROM PLAINTIFF'S ACTUAL RELEASE
FROM DEFENDANT KING COUNTY ADULT AND
JUVENILE DETENTION AND CORRECTIONAL facility
WHICH IS ANTICIPATED AT 10/24/2001.
(5) ANY OTHER RELIEF THIS COURT DEEM
JUST AND PROPER.

Respectfully Submitted,

Kevin G. Johnson

PRO SE LITIGANT
COUNSEL FOR PLAINTIFF
IN JAIL
500 FIFTH AVENUE N8L
Seattle, WA 98104

OUT OF JAIL
97 S. MAIN Street
Seattle, WA 98104
(253) 638-0015

(8)